THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 
 
 

v.

 
 
 
 Quentin Holt, Appellant.
 
 
 

Appeal from Georgetown County
 Benjamin H. Culbertson, Circuit Court
Judge

Unpublished Opinion No.  2012-UP-253
 Submitted April 2, 2012  Filed April 25,
2012  

AFFIRMED

 
 
 
 Appellate Defender Tristan M. Shaffer and
 Deputy Chief Appellate Defender Wanda H. Carter, both of Columbia, for
 Appellant.
 Attorney General Alan Wilson, Chief Deputy
 Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General
 Salley W. Elliott, and Assistant Attorney General Christina J. Catoe, all of
 Columbia; and Solicitor J. Gregory Hembree, of Conway, for Respondent.
 
 
 

PER CURIAM: Quentin Holt appeals his
 convictions of two counts of distribution of crack cocaine, arguing the trial
 court erred in admitting expert testimony because the instrument used in
 forming the expert's opinion was unreliable.  We affirm[1] pursuant to Rule 220(b)(1), SCACR, and the following authorities: Rule 702, SCRE ("If scientific,
 technical, or other specialized knowledge will assist the trier of fact to
 understand the evidence or to determine a fact in issue, a witness qualified as
 an expert by knowledge, skill, experience, training, or education, may testify
 thereto in the form of an opinion or otherwise."); State v. White,
 382 S.C. 265, 269, 676 S.E.2d 684, 686 (2009) ("A trial court's decision
 to admit or exclude expert testimony will not be reversed absent a prejudicial
 abuse of discretion."); id. at 270, 676 S.E.2d at 686 ("All
 expert testimony must satisfy the Rule 702 criteria, and that includes the
 trial court's gatekeeping function in ensuring the proposed expert testimony
 meets a reliability threshold for the jury's ultimate consideration."); State
 v. Jones, 343 S.C. 562, 572, 541 S.E.2d 813, 818 (2001) (holding scientific
 evidence is admissible under Rule 702, SCRE, if the trial court determines the
 underlying science is reliable after applying the factors set forth in State
 v. Jones, 273 S.C. 723, 259 S.E.2d 120 (1979)); Jones, 343 S.C. at
 573, 541 S.E.2d at 819 (holding one of the Jones reliability factors
 taken into consideration is the quality control procedures used to ensure
 reliability).
AFFIRMED.
PIEPER,
 KONDUROS, and GEATHERS, JJ., concur.

[1] We decide this case without oral argument
 pursuant to Rule 215, SCACR.